02-11-509-CR










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00509-CR

 

 


 
 
 Demonte Wayne Nelson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Demonte Wayne Nelson attempts to appeal from his conviction for robbery causing
bodily injury.  Nelson’s twenty-five year sentence was imposed on September 12,
2011.  He did not file a motion for new trial or other postjudgment motion to
extend the deadline to file the notice of appeal; therefore, the notice of
appeal was due by October 12, 2011, but was filed on October 13, 2011.  See
Tex. R. App. P. 9.2(b), 26.2(a).  Nelson did not file a motion for extension of
time to file the notice of appeal, see Tex. R. App. P. 26.3, and we may
not imply the filing of a motion for extension of time because the court of
criminal appeals has declined to adopt the civil appellate approach that
permits an appellant to invoke the jurisdiction of an appellate court by merely
filing a notice of appeal within fifteen days of its due date, without the
necessity of a timely filed motion for extension of time.  See Olivo v.
State, 918 S.W.2d 519, 522–25 (Tex. Crim. App. 1996).

          On
November 21, 2011, we notified Nelson of our concern that we may not have
jurisdiction over this appeal and informed him that the appeal may be dismissed
unless he or any party desiring to continue the appeal filed a response by
December 1, 2011, showing grounds for continuing the appeal.  On December 16,
2011, we sent Nelson a second letter pointing out that the notice of appeal
contains an unidentified stamp of “OCT 11 2011,” and we requested a response as
it pertained to our jurisdiction by January 5, 2012.  See Campbell v. State,
320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (holding that pleadings of pro se
inmates are deemed filed at the time they are delivered to prison authorities
for forwarding to the court clerk).  Nelson responded that he needed additional
time, and we waited another forty days to hear from him, but we have not
received a response at this time.

          Because
Nelson’s notice of appeal was untimely, we do not have jurisdiction over this
appeal.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)
(“A notice of appeal which complies with the requirements of Tex. R. App. P. 26
is essential to vest the court of appeals with jurisdiction.”).  Accordingly,
we dismiss this appeal for want of jurisdiction. 

 

PER CURIAM

 

PANEL: 
MEIER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 16, 2012









[1]See Tex. R. App. P. 47.4.