

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00509-CR

DEMONTE WAYNE NELSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Demonte Wayne Nelson attempts to appeal from his conviction for robbery causing bodily injury. Nelson's twenty-five year sentence was imposed on September 12, 2011. He did not file a motion for new trial or other postjudgment motion to extend the deadline to file the notice of appeal; therefore, the notice of appeal was due by October 12, 2011, but was filed on October 13,

---

[1]See Tex. R. App. P. 47.4.

2011. *See* Tex. R. App. P. 9.2(b), 26.2(a). Nelson did not file a motion for extension of time to file the notice of appeal, *see* Tex. R. App. P. 26.3, and we may not imply the filing of a motion for extension of time because the court of criminal appeals has declined to adopt the civil appellate approach that permits an appellant to invoke the jurisdiction of an appellate court by merely filing a notice of appeal within fifteen days of its due date, without the necessity of a timely filed motion for extension of time. *See Olivo v. State*, 918 S.W.2d 519, 522–25 (Tex. Crim. App. 1996).

On November 21, 2011, we notified Nelson of our concern that we may not have jurisdiction over this appeal and informed him that the appeal may be dismissed unless he or any party desiring to continue the appeal filed a response by December 1, 2011, showing grounds for continuing the appeal. On December 16, 2011, we sent Nelson a second letter pointing out that the notice of appeal contains an unidentified stamp of "OCT 11 2011," and we requested a response as it pertained to our jurisdiction by January 5, 2012. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (holding that pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk). Nelson responded that he needed additional time, and we waited another forty days to hear from him, but we have not received a response at this time.

Because Nelson's notice of appeal was untimely, we do not have jurisdiction over this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.

Crim. App. 1998) ("A notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction."). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 16, 2012

3