Opinion issued May 17, 2012.

 



 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-00408-CR

NO. 01-11-00409-CR

____________

 

MARCUS TREVON FRAZIER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 338th District Court 

Harris County, Texas

Trial Court Cause Nos. 1262634 and
1268850

 

 



MEMORANDUM
OPINION








              Appellant,
Marcus Trevon Frazier, attempts to appeal his March 25, 2011 convictions for robbery[1]
and aggravated robbery with a deadly weapon.[2]
Appellant’s notice of appeal was due on or before April 25, 2011.  See
Tex. R. App. P. 26.2(a).  

              Appellant’s
notice of appeal, which contains no certificate of service and is not dated,
was postmarked on April 28, 2011 and filed on May 2, 2011.  The record contains no indication of when the
notice was delivered to prison authorities for mailing.  See
Campbell v. State, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (“We hold
that the pleadings of pro se inmates
shall be deemed filed at the time they are delivered to prison authorities for
forwarding to the court clerk.”).  Also,
appellant failed to respond to our notices of January 25, 2012, informing him
that his notice of appeal was late and his appeals may be dismissed unless he filed
a response showing grounds for continuing these appeals.  

              We
conclude that appellant’s notice of appeal was untimely.  See
Tex. R. App. P. 9.2(b), 26.2(a); Durbin v. State, No. 05-12-00355-CR,
2012 WL 1501415 (Tex. App.—Dallas April 30, 2012, no pet. h.) (dismissing
appeal when notice of appeal was postmarked and file-stamped after deadline,
appellant failed to show when notice was delivered to prison authorities, and
appellant failed to respond to State’s motion to dismiss); Nelson v. State, No. 02-11-00509-CR, 2012 WL 503145, *1 (Tex.
App.—Fort Worth Feb. 16, 2012, no pet.) (not designated for publication)
(dismissing appeal when notice of appeal was filed one day late and appellant
failed to respond to court’s request to show grounds for continuing appeal,
despite “unidentified stamp of” date prior to deadline for filing); Torres v. State, No. 05-11-00879-CR,
2012 WL 387859, *1 (Tex. App.—Dallas Feb. 8, 2012, no pet.) (not designated for
publication) (dismissing appeal for lack of jurisdiction when notice was
file-stamped after deadline, record failed to show that notice was mailed by
deadline, and appellant did not respond to court’s request for brief addressing
court’s jurisdiction).

Because appellant’s notice of appeal was untimely, we have no basis for
jurisdiction over these appeals.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998); Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeals for want
of jurisdiction.  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Jennings and Keyes. 

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
Appellate Cause 01-11-00408-CR; trial court cause 1262634.





[2]
Appellate Cause 01-11-00409-CR; trial court cause 1268850.