Opinion issued June
14, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00363-CR

____________

 








JUAN CARLOS GONZALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 




 
 
 
 
 
 
 


 



On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1260080

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








               Appellant,
Juan Carlos Gonzales, attempts to appeal his January 26, 2011 conviction for
aggravated sexual assault of a child.  See Tex.
Penal Code Ann. § 22.021(a)(2)(B) (West
2011).  Appellant did not file a motion
for new trial or a motion for extension of time to file his notice of appeal.  See Tex. R. App. P. 26.2(a)(2), 26.3(b); Olivo v. State,
918 S.W.2d 519, 522 (Tex.Crim.App.1996) (requiring both notice of appeal and
motion for extension to be filed within 15 days of original due date for notice
of appeal).  Therefore, appellant’s
notice of appeal was due on or before February 25, 2011.SeeTex. R. App. P.
26.2(a)(1).  Appellant filed his notice of appeal on March
16, 2011.[1]

               A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest this court with jurisdiction. See Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.1998).
The court of criminal appeals has expressly held that without a timely filed
notice of appeal we cannot exercise jurisdiction over an appeal. See Olivo, 918
S.W.2d at 522; see also Slaton, 981
S.W.2d at 210.

Because appellant’s notice of appeal
was untimely, we have no basis for jurisdiction over this appeal.  See Slaton,
981 S.W.2d at 210; Olivo,
918 S.W.2d at 523.Accordingly, we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(f).  We dismiss all pending motions as
moot.

PER CURIAM

Panel consists of Justices Higley,
Sharp, and Huddle. 

Do not publish.   Tex. R. App. P. 47.2(b).











[1]              Appellant’s
notice of appeal, which contains no certificate of service and is not dated,
was postmarked on March 14, 2011. 
Nevertheless, even if the notice of appeal is considered filed on March
14, 2011, the notice was untimely.  See Tex.
R. App. P. 9.2(b), 26.2(a), 26.3; Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).Further,
appellant has provided no evidence to show that he delivered his notice of
appeal to prison officials by February 25, 2011, which was 17 days prior to the
postmark date, and his notice of appeal states that it was being filed within
90, rather than 30, days of the date sentence was imposed.  See
Campbell v. State, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (“We hold
that the pleadings of pro se inmates
shall be deemed filed at the time they are delivered to prison authorities for
forwarding to the court clerk.”).