IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,375-01






EX PARTE MANUAL VALDIVIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009CR0530-W1 IN THE 437th DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
aggravated sexual assault of a child and sentenced to life imprisonment on two counts and ninety-nine years' imprisonment on two counts. The Fourth Court of Appeals affirmed his conviction. 
Valdivia v. State, No. 04-10-00568-CR (Tex. App.-San Antonio, delivered July 20, 2011, pet.
dism'd).

 Applicant contends that his petition for discretionary review was improperly dismissed as
untimely filed. Specifically, the Applicant alleges that he delivered his petition to prison authorities 
on October 17, 2011, but the petition was not mailed until October 24, 2011, after the deadline for
an extension had expired. (1) The trial court finds that the petition was "received and mailed out on
October 24, 2011," and recommends that relief be denied. However, the trial court's findings are
based upon an exhibit attached by the Applicant that only reflects that the petition was mailed on that
date and not that it was received in the mail room on that date. 

 Applicant has alleged facts that, if true, might entitle him to relief. Campbell v. State, 320
S.W.3d 338 (Tex. Crim. App. 2010). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall obtain mail room logs from the Texas
Department of Criminal Justice in order to resolve the validity of Applicant's claim in this case.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
timely delivered his petition for discretionary review to prison authorities for mailing. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 3, 2012

Do not publish
1. The Applicant had been granted an extension of time until October 18, 2011, in order to
file his petition.