IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,444-01






EX PARTE RUBEN DOMINGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1101710D IN THE 297th DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. 
Dominguez v. State, No. 02-09-00264-CR (Tex. App.-Fort Worth, delivered May 12, 2011, pet.
dism'd).

 Applicant contends that his petition for discretionary review was improperly dismissed as
untimely filed. Specifically, the Applicant alleges that he timely delivered his petition for
discretionary review to prison authorities for mailing on August 10, 2011. (1) 

 Applicant has alleged facts that, if true, might entitle him to relief. Campbell v. State, 320
S.W.3d 338 (Tex. Crim. App. 2010). In these circumstances, additional facts are needed. Pursuant
to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order officials with the Texas
Department of Criminal Justice to provide a response regarding the date Applicant's petition was
delivered to prison authorities for mailing. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether, under the
mailbox rule, Applicant timely filed his petition for discretionary review in this cause. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 10, 2012

Do not publish
1. The Second Court of Appeals' on-line docket sheet reflects that the petition was filed on
August 17, 2011.