IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,956-05 & -06






EX PARTE BRUCE WILLIAM MACON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-0900206-H & F-0900207-H 

IN THE CRIMINAL DISTRICT COURT NO. 1

FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of unlawful restraint and sentenced to forty years' imprisonment on each count. The Fifth Court of
Appeals affirmed his convictions. Macon v. State, Nos. 05-09-00511-CR & 05-09-00512-CR (Tex.
App.--Dallas 2010, no pet.).

 Applicant contends that his trial and appellate counsel rendered ineffective assistance and
the State knowingly relied on perjured testimony and failed to disclose impeachment evidence.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Fierro, 934 S.W.2d 370 (Tex. Crim. App. 1996); United States v.
Bagley, 473 U.S. 667 (1985). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact.

 The trial court shall determine when these applications were delivered to prison authorities
and whether they were filed before the -03 and -04 applications were denied. Campbell v. State, 320
S.W.3d 338, 344 (Tex. Crim. App. 2010); Tex. Code Crim. Proc. art. 11.07, § 4(a). If the trial
court determines that these applications were filed before the -03 and -04 applications were denied,
it shall make findings of fact and conclusions of law in response to Applicant's claims. The trial
court may use any means set out in Article 11.07, § 3(d) and may order trial and appellate counsel
to respond to Applicants claims. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 31, 2012

Do not publish