**Dismiss and Opinion Filed August 8, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00215-CR

**JAMIE ROSS MANGRAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-13817-Q**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Jamie Ross Mangram was convicted of aggravated robbery. Punishment, following the adjudication of appellant's guilt, was assessed at ten years' imprisonment. Sentence was imposed in open court on January 9, 2013. No motion for new trial was filed; therefore, appellant's notice of appeal was due by February 8, 2013. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was filed on February 14, 2013. We adopted the trial court's findings that: (1) the trial court received an affidavit from Tammy Shelby of the Texas Department of Criminal Justice; (2) Ms. Shelby's affidavit stated that appellant delivered his notice of appeal to the prison authorities for mailing on or before February 4, 2013; (3) the envelope in which the notice of appeal was mailed was addressed to the "Court of Appeals, Supreme Court Building, (unreadable number), Capitol Station, Austin, Texas (unreadable zip

code)";[1] and (4) appellant's notice of appeal was not properly addressed to the Fifth District Court of Appeals.

Jurisdiction concerns the power of a court to hear and determine a case. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exists. *See id.* at 523. To invoke the court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Texas Rule of Appellate Procedure 9.2(b) provides for filing by mail. "A document received within ten days after the filing deadline is considered timely filed if: (A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; (B) it was placed in an envelope or wrapper properly addressed and stamped; and (C) it was deposited in the mail on or before the last day for filing." TEX. R. APP. P. 9.2(b)(1). A prisoner pro se notice of appeal is deemed filed when the properly addressed envelope is delivered to the appropriate prison authorities for mailing. *See Campbell v. State*, 320 S.W.3d 338, 342, 344 (Tex. Crim. App. 2010).

In this case, while appellant's notice of appeal was mailed on or before the date it was due, it was neither sent to the proper clerk nor properly addressed. *See* TEX. R. APP. P. 25.2(c)(1). The envelope in which appellant's notice of appeal was mailed was not addressed to either the Dallas County District Clerk or to the Clerk of this Court. *See id.*

Moreover, although appellant's notice of appeal was received by this Court within the fifteen-day period provided by rule 26.3, appellant did not file a motion to extend time to file the notice of appeal. *See* TEX. R. APP. P. 26.3(a), (b); *Slaton*, 981 S.W.2d at 210.

---

[1] The notice of appeal has a February 11, 2013 date-stamp showing it was received in the court of criminal appeals.

Because appellant's February 14, 2013 notice of appeal was untimely as to the January 9, 2013 sentencing date, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Accordingly, we dismiss the appeal for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130215F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMIE ROSS MANGRAM, Appellant

No. 05-13-00215-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F07-13817-Q.
Opinion delivered by Justice Myers,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 8th day of August, 2013.

/Lana Myers/
LANA MYERS
JUSTICE