**DISMISS; and Opinion Filed September 23, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00919-CR

**WILLIAM HUBBARD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-54986-Y**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

William Hubbard was convicted by a jury of aggravated sexual assault of a child. Sentence of ten years' imprisonment was imposed in open court on May 9, 2013. No motion for new trial was filed; therefore, appellant's notice of appeal was due by Monday, June 10, 2013. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notice of appeal is file-stamped June 28, 2013, eighteen days after it was due. The Court now has before it the State's motion to dismiss the appeal for want of jurisdiction. Appellant did not respond to the State's motion to dismiss. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523.  To invoke the Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure.  *See id*.; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Because no motion for new trial was filed, appellant's notice of appeal was due by Monday, June 10, 2013.  *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1).  To obtain the benefit of the extension period provided by rule 26.3, appellant to both file his notice of appeal in the trial court and file an extension motion in this Court within fifteen days of June 10, 2013, or by June 25, 2013.  *See* TEX. R. APP. P. 26.3; *Slaton*, 981 S.W.2d at 210.  Appellant's notice of appeal was filed on June 28, 2013, three days past the deadline provided by rule 26.3.  Moreover, nothing in the record reflects appellant mailed his notice of appeal on or before either June 10, 2013 or June 25, 2013, no extension motion was filed in this Court, and appellant did not respond to the motion to dismiss to provide any information that would give the Court jurisdiction over the appeal.  *See* TEX. R. APP. P. 9.2(b), 26.3; *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010); *Slaton*, 981 S.W.2d at 210.

Because the record before the Court reflects that appellant's June 28, 2013 notice of appeal was untimely as to the May 9, 2013 sentencing date, we conclude we lack jurisdiction over the appeal.  We dismiss the appeal for want of jurisdiction.[1]

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130919F.U05

---

[1] Appellant's appeals from the trial court's judgments adjudicating guilt, which are docketed as cause nos. 05-13-00909-CR and 05-13-00910-CR, remain pending before the Court.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM HUBBARD, Appellant

No. 05-13-00919-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-54986-Y,
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

      Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 23rd day of September, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE