**Opinion issued October 1, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-12-00968-CR**

_____

**MICHAEL PULLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1810704**

---

## MEMORANDUM OPINION

Appellant, Michael Pullen, attempts to appeal his August 24, 2012 conviction for the misdemeanor offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal. *See* TEX. R.

APP. P. 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (requiring both notice of appeal and motion for extension to be filed within 15 days of original due date for notice of appeal). Therefore, appellant's notice of appeal was due on or before September 24, 2012. *See* TEX. R. APP. P. 26.2(a)(1).

Appellant's pro se notice of appeal was filed-stamped in the trial-court clerk's office on October 2, 2012—eight days after the deadline. Nevertheless, the notice was received by the trial court clerk within 10 days of the deadline and therefore may have been timely filed under the "prisoner mailbox rule," so we notified appellant of our intent to dismiss this appeal for want of jurisdiction and provided him with an opportunity to respond to the notice and show that his notice was timely filed. *See* TEX R. APP. P. 9.2(b) (stating document is considered timely filed if properly mailed by deadline and received by clerk within 10 days of deadline); *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) ("We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk."). Further, because appellant was represented by appointed counsel in the trial court but filed his notice of appeal pro se, we abated the appeal for the trial court to appoint counsel to assist appellant in responding to our notice. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012).

On August 6, 2013, the trial court appointed the Harris County Public Defender's Office to represent appellant. On August 27, 2013, appellant filed an affidavit in the trial court, stating that he has had an opportunity to confer with counsel, Nicolas Hughes, that he has no proof that he timely mailed his notice of appeal pursuant to the "prisoner mailbox rule," that he "wish[es] to dismiss [his] appeal so [he] can seek an out-of-time appeal by means of application for writ habeas corpus [sic]," and that he "knowingly and voluntarily dismiss[es] [his] appeal, with the understanding that [he] did not file [his] notice of appeal on time."

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that without a timely filed notice of appeal we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton*, 981 S.W.2d at 210.

Because appellant's notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot. We direct the Clerk to issue the mandate within 10 days of the date of this opinion. *See* TEX. R. APP. P. 18.1.

3

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).