

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00667-CR

Raymond Sandoval **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 383282
Honorable Genie Wright, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  January 8, 2014

DISMISSED FOR LACK OF JURISDICTION

Raymond Sandoval Garcia filed a notice of appeal from the trial court's judgment convicting and sentencing him of one count of assault.  Garcia did not file a motion for new trial; therefore, his notice of appeal was due thirty days after sentence was imposed.  *See* TEX. R. APP. P. 26.2(a)(1), 26.3.  The clerk's record reflects the judgment was amended twice while the trial court retained plenary power over the case.  The most recent judgment, signed on August 2, 2013, recites that sentence was imposed August 2, 2013.  Thirty days after August 2, 2013, was Sunday, September 1, 2013.  The following day was a holiday.  Accordingly, the notice of appeal was

required to be filed with the clerk of the trial court no later than Tuesday, September 3, 2013. *See* TEX. R. APP. P. 25.2(c)(1); 26.2.

The record reflects appellant mailed the notice of appeal from the Bexar County Adult Detention Center in an envelope addressed to this court. The envelope is post-marked September 4, 2013. This court received the notice of appeal on September 5, 2013, and immediately forwarded it to the Bexar County Clerk. The notice of appeal was file-stamped by the County Clerk on September 5, 2013, two days after it was due. Appellant did not file a motion for extension of time to file the notice of appeal.

A pleading that is received within ten days after the filing deadline is considered timely filed if: "(A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; (B) it was placed in an envelope or wrapper properly addressed and stamped; and (C) it was deposited in the mail on or before the last day for filing." TEX. R. APP. P. 9.2(b)(1). Under the "prisoner mailbox rule," a pro se prisoner's pleading is deemed filed at the time it is delivered to the appropriate prison authorities for mailing if it is in a properly addressed and stamped envelope and is sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail. *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

Our record does not reflect whether Garcia delivered the notice of appeal to the appropriate prison authorities for mailing on or before the due date, September 3, 2013, and appellant's court-appointed appellate counsel has requested we issue a bench warrant to obtain appellant's testimony on that question. However, even if Garcia delivered the notice of appeal to jail authorities on or before September 3, the mailbox rule does not apply because the envelope was not addressed to or sent to the proper clerk. *See* TEX. R. APP. P. 25.2(c)(1) (requiring notice of appeal be filed with trial court clerk); TEX. R. APP. P. 9.2(b)(1) (mailbox rule applies only if pleading is properly

addressed to proper clerk). Although the County Clerk received the notice within ten days after the September 3, 2013 filing deadline, the notice cannot be considered timely filed under the mailbox rule because it was not properly addressed and sent to the County Clerk of Bexar County. *See Mangram v. State*, No. 05-13-00215-CR, 2013 WL 4033787 (Tex. App.—Dallas, Aug. 8, 2013, no pet.); *Taylor v. State*, No. 01-11-00052-CR, 2012 WL 5381215 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, pet. granted); *Rangel v. State*, No. 04-11-00001-CR, 2011 WL 721005 (Tex. App.—San Antonio, Mar. 2, 2011, pet. ref'd).

If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for lack of jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Garcia did not timely file his notice of appeal or a motion to extend the time for filing the notice of appeal. We therefore deny the application for a bench warrant and we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish