IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-80,713-01






EX PARTE GEORGE ROBERT POWELL, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. FR 63436-A IN THE 27TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-eight years' imprisonment. The Third Court of Appeals affirmed
his conviction. Powell v. State, No. 03-09-00730-CR (Tex. App. - Austin, April 15, 2011). 

 On May 24, 2011, this Court granted Applicant a sixty-day extension for filing his petition
for discretionary review, resulting in a deadline of July 15, 2011. Applicant alleges that he placed
his pro se petition in the prison mail system on July 14, 2011, and that the petition was received and
filed by the appellate clerk on July 25, 2011. The petition was filed in this Court on September 7,
2011, and was dismissed as untimely filed on October 5, 2011. 

 Applicant contends that this Court erred in dismissing his pro se petition for discretionary
review as untimely filed, because the "mailbox rule" was not considered or applied. The "prisoner
mailbox rule" as encompassed by by TEX. R. APP. P. 9.2(b) provides that, if filed by mail, a
document received within ten days after the filing deadline is considered timely filed if: 1) it was sent
to the proper clerk by United States Postal Service first-class, express, registered, or certified mail;
2) it was placed in an envelope or wrapper properly addressed and stamped; and 3) it was deposited
in the mail on or before the last day for filing. A pro se prisoner is deemed to have filed his properly
addressed pleading at the time it is delivered to the appropriate prison authorities for forwarding to
the clerk Campbell v. State, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the mail
room supervisor from the Coffield Unit of TDCJ to file an affidavit, stating the date upon which
Applicant's petition for discretionary review was placed into the mail system, and the date upon
which it was mailed to the Third Court of Appeals. The affidavit shall also state whether the petition
was properly addressed and stamped. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
placed his pro se petition for discretionary review in the prison mail system before July 15, 2011,
and as to whether the petition was properly addressed. The trial court shall make findings as to the
date upon which Applicant's petition was received in the Third Court of Appeals within ten days of
July 15, 2011. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: January 29, 2014

Do not publish