

# Fourth Court of Appeals
## San Antonio, Texas

February 4, 2014

No. 04-14-00060-CR

John **DONOHUE**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR3514
Honorable Raymond Angelini, Judge Presiding

# O R D E R

The trial court imposed sentence on John Donohue on October 25, 2013. Therefore, either a motion for new trial or a notice of appeal was due thirty days later on November 25, 2013. *See* TEX. R. APP. P. 21.4(a); 26.2(a). The clerk's record contains a motion for new trial and a notice of appeal, both bearing file-stamps dated December 5, 2013.

A pleading that is received within ten days after the filing deadline is considered timely filed if: "(A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service; (B) it was placed in an envelope or wrapper properly addressed and stamped; and (C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing." TEX. R. APP. P. 9.2(b)(1). Under the "prisoner mailbox rule," a pro se prisoner's pleading is deemed filed at the time it is delivered to the appropriate prison authorities for mailing if it is in a properly addressed and stamped envelope and is sent to the proper clerk by United States Postal Service or a commercial delivery service. *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

Although the motion for new trial and notice of appeal were received by the Bexar County District Clerk within ten days after the filing deadline, the record before us is insufficient to determine whether the "prisoner mailbox rule" applies. The certificate of service accompanying Donohue's motion for new trial and the unsworn declarations attached to both the motion for new trial and the notice of appeal are all dated November 25, 2013. However, the record does not indicate whether the pleadings were filed by mail, and if so, to whom they were delivered for mailing, when they were delivered for mailing, to whom they were addressed, and whether they were properly stamped.

Appellant also filed a motion for extension of time to file his notice of appeal. If either the motion for new trial or the notice of appeal was timely filed, the appeal is timely and the motion for extension of time is moot. However, if Donohue cannot show the motion for new trial or the notice of appeal was timely filed, we must consider the motion for extension of time. The motion was due December 10, 2013, fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. However, the motion was not received and filed in this court until December 16, 2013. The certificate of service accompanying the motion is dated December 13, 2013, after the deadline for filing. Accordingly, the "prisoner mailbox rule" cannot apply and the motion is denied as untimely.

We therefore **order** a response from Donohue due **February 19, 2014**, establishing that the motion for new trial or notice of appeal was timely filed by mail or otherwise showing cause why this appeal should not be dismissed for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). Appellant has the burden to request the trial court clerk prepare a supplemental clerk's record containing any pleadings and orders necessary to establish this court's jurisdiction. Appellant must file a copy of any such request with this court. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.

All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court