

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,713-01

### EX PARTE GEORGE ROBERT POWELL, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 63436-A IN THE 27TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty-eight years' imprisonment. The Third Court of Appeals affirmed his conviction. *Powell v. State*, No. 03-09-00730-CR (Tex. App. – Austin, April 15, 2011).

Applicant contends that this Court failed to consider and apply the "mailbox rule" when it dismissed his *pro se* petition for discretionary review as untimely filed. The "prisoner mailbox rule" as encompassed by TEX. R. APP. P. 9.2(b) provides that, if filed by mail, a document received

within ten days after the filing deadline is considered timely filed if: 1) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; 2) it was placed in an envelope or wrapper properly addressed and stamped; and 3) it was deposited in the mail on or before the last day for filing. A *pro se* prisoner is deemed to have filed his properly addressed pleading at the time it is delivered to the appropriate prison authorities for forwarding to the clerk. *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

We remanded this application to the trial court for findings of fact and conclusions of law addressing Applicant's claim that he placed his *pro se* petition for discretionary review, properly addressed and stamped in the prison mail system before the last day for filing.

The trial court has obtained an affidavit from the Program Supervisor of the Mail System Coordinators Panel for the Texas Department of Criminal Justice Correctional Institutional Division. That affidavit confirms that Applicant placed his properly addressed and stamped petition in the unit mail receptacle before the last day for filing. Apparently due to staff shortages at the unit at the time, the envelope containing Applicant's petition was not logged or mailed to the Third Court of Appeals until six days later. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that Applicant's petition for discretionary review was not untimely filed, when the "mail box rule" is taken into account. The trial court recommends that relief be granted.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals in Cause No. 03-09-00730-CR that affirmed his conviction in Cause No. 63,436 from the 27th District Court of Bell County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered:  April 30, 2014
Do not publish