**Opinion issued August 14, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00483-CR

————————————

## KEITH EDWARD GRIMMETT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 1369980

## MEMORANDUM OPINION

Appellant, Keith Edward Grimmett, attempts to appeal his March 17, 2014 conviction for murder. Under Texas Rule of Appellate Procedure 26.2(a), a

notice of appeal was due on or before April 16, 2014.  *See* TEX. R. APP. P. 26.2(a).

Appellant filed his notice of appeal on June 5, 2014.[1]

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly held that without a timely filed notice of appeal or motion for extension of time we cannot exercise jurisdiction over an appeal.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.

Because the notice of appeal in this case was untimely, we have no basis for jurisdiction over this appeal.  Accordingly, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f); *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]  Appellant included an unsworn declaration with his notice of appeal, which reflects that it was executed on May 23, 2014.  Nevertheless, even if the notice of appeal was handed to prison officials, and therefore would be considered filed, on May 23, 2014, the notice was untimely.  *See* TEX. R. APP. P. 9.2(b), 26.2(a); *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).