**Dismissed and Memorandum Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00724-CR

---

**DAVID JAMES SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1400879**

---

## M E M O R A N D U M    O P I N I O N

Appellant entered a guilty plea to aggravated assault against a public servant. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on May 28, 2104, to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. Appellant filed a pro se notice of appeal. We dismiss the appeal.

The clerk's record in this appeal was filed September 8, 2014.The record reflects that appellant's notice of appeal was not file-stamped until August 27, 2014, more than thirty days after sentence was imposed. *See* Tex. R. App. P. 26.2(a)(1) (requiring a notice of appeal in a criminal case to be filed within thirty days after sentence is imposed when no motion for new trial was timely filed). The record contains an envelope bearing a postmark date of mailing as June 26, 2014. The envelope was addressed to the Assistant District Attorney at the 339th District Court instead of to the District Clerk. *See* Tex. R. App. P. 25.2(c) (requiring a notice of appeal in a criminal case to be filed with the trial court clerk).

To obtain the benefit of the procedural rule for deeming a document timely filed when filing by mail, the document must be received within ten days after the filing deadline, it must be mailed to the proper clerk, and the envelope must be properly addressed. *See* Tex. R. App. P. 9.2(b)(1). Courts have adopted a rule applicable to the "unique" situation where pro se prisoners seek to appeal without the aid of counsel. *See Campbell v. State*, 320 S.W.3d 338, 342–44 (Tex. Crim. App. 2010) (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988)). In Texas, the "prisoner mailbox rule" provides that a pro se prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court. *Campbell,* 320 S.W.3d at 344.

In this case, we need not decide whether appellant's failure to properly address his notice of appeal renders the notice untimely. Here, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on

appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).