**Dismissed and Memorandum Opinion filed October 7, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00742-CR

**ASHLEY NICOLE RICHARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385762**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to cruelty to animals. After a pre-sentence investigation, the trial court sentenced appellant on May 22, 2014, to confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. The record reflects appellant filed a pro se motion for new trial on June 27, 2014, more than thirty days after sentence was imposed. *See* Tex. R. App. P. 21.4 (stating a motion for new trial must be filed "no later than 30 days after" sentencing). Appellant filed a pro se notice of appeal on August 27, 2014.

Appellant's motion for new trial was required to be filed on or before June 23, 2014, the Monday following the thirtieth day after sentencing. *See* Tex. R. App. P. 4(a) (extending filing deadline when last day is on a Saturday, Sunday, or legal holiday to the next day that is not a Saturday, Sunday, or legal holiday).

Texas has adopted a "prisoner mailing rule," in which the pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Appellant's motion is dated June 23, 2014, the due date. Our record also contains the envelope in which the motion was mailed, and it bears a post-mark date of June 25, 2014, after the due date.

If appellant's motion for new trial had been timely, appellant's notice of appeal would have been due on or before August 20, 2014. *See* Tex. R. App. P. 26.2(a)(2) (requiring notice of appeal to be filed within 90 days after sentencing if the defendant has filed a timely motion for new trial). A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a timely motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). Appellant's notice of appeal was dated August 10, 2014, but it was not filed until August 27, 2014.

On September 17, 2014, the court notified appellant that her motion for new trial and notice of appeal were not filed timely. The court afforded appellant an opportunity to file an unsworn declaration establishing the dates the motion for new trial and notice of appeal were delivered to prison authorities for mailing. No response was filed. Because our record reflects that appellant's motion for new trial was not filed timely, the time to file appellant's notice of appeal was not extended beyond thirty days. Therefore, appellant's notice of appeal is also untimely.

A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).