# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00808-CR

**Billy Joe Rincones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. C-1-CR-10-400537, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rincones appeals an order adjudicating guilt that was signed by the county court at law on October 12, 2010. Notice of appeal was due 30 days from the date sentence was imposed. *See* Tex. R. App. P. 26.2(a). Notice of appeal in this case was due by November 11, 2010, and not filed until November 19, 2010. Because the notice of appeal was not timely filed, this Court does not have jurisdiction over the appeal.[1]

Rincones, an inmate appearing pro se, contends that he deposited his notice of appeal in the prison mail system on November 6, 2010, prior to the filing deadline. If this is correct, Rincones's notice of appeal would be timely under the "mailbox rule." *See* Tex. R. App. P. 9.2(b)

---

[1] The Texas Supreme Court's analysis in *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), allowing a notice of appeal filed within 15 days of the deadline to serve as an implied motion for extension of time in civil cases, has not been extended to criminal appeals. *See McCarty v. State*, No. 03-09-00378-CR, 2009 Tex. App. LEXIS 5722, at *1-2, n.1 (Tex. App.—Austin July 22, 2009, no pet.) (mem. op., not designated for publication).

(documents received within 10 days of filing deadline are considered timely if deposited in mail on or before deadline); *see also Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (applying mailbox rule to pleadings of pro se inmates, and holding that such pleadings are deemed filed when delivered to proper prison authorities for mailing).

To support the contention that his notice of appeal was delivered to prison authorities for mailing on November 6, 2010, Rincones provides us with a form titled, "Legal Research Request." The form bears Rincones's name and the date "11-6-10," written in his handwriting. Rincones appears to have checked a box on the form indicating that he seeks legal assistance on the topic of "Post conviction Habeas Corpus." On the lines provided to "describe the materials you are requesting or the subject matter on which you are seeking assistance," Rincones has written, "I would like to send and file this with the Appeal Courts." This Legal Research Request form bears a date stamp indicating that it was received by prison authorities on November 15. While no notice of appeal is attached to the form provided by Rincones, the form does include a staff response, dated November 22, stating, "Appt Counsel on Appeal. NOA. CC#7." This notation suggests that the forms delivered for filing were Rincones's notice of appeal and request for appointed counsel.

At best, this form indicates that Rincones requested legal assistance in the filing of his notice of appeal, and that this request was received by prison authorities on November 15, 2010. There is no indication that Rincones's notice of appeal was delivered to the appropriate prison authorities for mailing by the filing deadline of November 11. As a result, the record contains no evidence that Rincones's notice of appeal was timely filed pursuant to the mailbox rule. Because the notice of appeal was not timely filed, this appeal is dismissed for want of jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed:   March 2, 2011

Do Not Publish