**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:       Brandon Marquice Wilson v. The State of Texas

Appellate case number:    01-10-00434-CR

Trial court case number:   1190812

Trial court:                      179th District Court of Harris County

On August 1, 2011, the court reporter informed this Court that the reporter's record of the adjudication hearing in this case was irretrievable. On May 31, 2012, we issued an order of abatement, striking former counsel's *Anders* brief because the brief failed to discuss whether appellant's notice of appeal was timely pursuant to the prisoner mailbox rule and failed to fully address the impact of the missing reporter's record on this appeal.

On October 25, 2012, appellant filed a "Motion to Continue Abatement" in this appeal. In his motion, appellant argues that an evidentiary hearing is necessary (1) "to determine whether Appellant timely filed his notice of appeal" and (2) "to determine whether the record can be supplemented and if not if the missing record is necessary to the appeal of this case."

We grant appellant's motion, continue the abatement of this case, and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Angela Cameron, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Determine whether appellant timely filed his notice of appeal, with a finding regarding whether the notice was timely pursuant to the prisoner mailbox rule;
2) Determine whether the reporter's record is necessary to the resolution of this appeal;

---

1     On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3) Determine whether the reporter's record can be replaced by agreement of the parties;
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 9.2(b), 26.2(a), 34.6(f); *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
        ☑ Acting individually     ☐ Acting for the Court

Date: November 7, 2012