

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,963

### EX PARTE RUBEN DOMINGUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1101710D IN THE 297th DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Dominguez v. State*, No. 02-09-00264-CR (Tex. App.–Fort Worth, delivered May 12, 2011, pet. dism'd).

Applicant contends that his petition for discretionary review was improperly dismissed as untimely filed. Specifically, the Applicant alleges that he timely delivered his petition for

discretionary review to prison authorities for mailing on August 10, 2011.[1]

Texas Department of Criminal Justice mail room officials filed two affidavits with the trial court. Based on those affidavits and the record, the trial court has entered findings of fact and conclusions of law that Applicant timely delivered his petition for discretionary review for mailing by prison officials.[2] The trial court recommends that relief be granted. We agree. In cases where counsel was not ineffective, but there has been a "breakdown in the system," due process requires that an applicant be permitted to exercise his statutory right to file a PDR. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-09-00264-CR that affirmed his conviction in Cause No. 1101710D from the 297th District Court of Tarrant County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: February 6, 2013
Do not publish

---

[1] The Second Court of Appeals' on-line docket sheet reflects that the petition was filed on August 17, 2011.

[2] In *Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010), the Court held that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.