**Order entered April 8, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00143-CR

**BARBARA ANN THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1260292-R**

## ORDER

Barbara Ann Thomas was convicted of prostitution and sentenced to 365 days' confinement in a state jail facility. Sentence was imposed in open court on November 27, 2012. No timely motion for new trial was filed; therefore, appellant's notice of appeal was due by December 27, 2012. Appellant's pro se notice of appeal is not file-stamped, but shows it was executed on November 27, 2012, the sentencing date. Other pro se documents around it in the clerk's record are file-stamped January 28, 2013 and January 29, 2013. The clerk's record contains an envelope showing appellant's return address as the Dallas County Jail. The envelope is addressed to the trial court judge and is post-marked January 18, 2013. A separate copy of the notice of appeal sent to this Court by the Dallas County District Clerk's Office includes an envelope that is post-marked December 13, 2013. This envelope also has appellant's return

address as the Dallas County Jail and is addressed to the trial court judge. It is not clear from the record whether the pro se notice of appeal executed on November 27, 2012 was in the possession of the Dallas County District Clerk on or before the due date of December 27, 2012.

The Court sent the parties a letter questioning our jurisdiction over the appeal and directing them to file letter briefs regarding the issue. Neither appellant nor the State responded.

Because the record before the Court is not clear enough for the Court to determine its jurisdiction, we **ORDER** the trial court to make a finding regarding the following:

- Because appellant did not respond to our jurisdictional inquiry, the trial court shall make a finding regarding whether appellant desires to pursue the appeal.

- If the trial court determines appellant desires to pursue the appeal, the trial court shall next determine whether the notice of appeal executed on November 27, 2012 was in the possession of the Dallas County Clerk on or before the filing deadline of December 27, 2012. In making its determination, the trial court shall consider the application of the mail box rule and appellant's confinement in jail. *See* TEX. R. APP. P. 9.2(b); *Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010).

- If the trial court determines the notice of appeal executed on November 27, 2012 was filed on or before December 27, 2012, either directly or by application of the mail box rule, the trial court shall next determine whether appellant is indigent and entitled to court-appointed counsel. If appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated within thirty days of the date of this order or when we receive the trial court's findings, whichever is earlier.

/s/     DAVID L. BRIDGES
JUSTICE