**Order entered September 11, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00933-CR

**REBECCA JEAN CAGLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-11213-P**

## ORDER

Appellant filed a pro se notice of appeal that is file-stamped June 25, 2013. The record reflects that sentence was imposed in open court on May 10, 2013. It does not appear appellant filed a motion for new trial; therefore, her notice of appeal was due by June 10, 2013. *See* TEX. R. APP. P. 26.2(a)(1). The pro se notice of appeal states that it was prepared within thirty days of May 10, 2013. However, the record does not contain a copy of an envelope showing the post-mark date for mailing, nor does anything in the record reflect the date the notice of appeal was delivered to prison authorities for mailing. Moreover, the reporter's record is overdue.

Accordingly, this Court **ORDERS** the trial court to make findings regarding the date on which appellant delivered her pro se notice of appeal to prison authorities for mailing. *See* TEX.

R. APP. P. 9.2(b); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). The trial court may take evidence on this issue either by live testimony or by affidavit.

If the trial court finds that appellant delivered the pro se notice of appeal for mailing on or before June 10, 2013, the trial court shall next determine whether appellant desires to be represented by counsel, and, if so, whether she is indigent and entitled to court-appointed counsel. If appellant desires counsel and is indigent, we **ORDER** the trial court to appoint counsel to represent appellant in the appeal.

We next **ORDER** the trial court to make findings of fact regarding why the reporter's record has not been filed. In this regard, the trial court shall determine: (1) whether appellant, if not indigent, has requested and made the necessary payment arrangements for the record; (2) the name and address of each court reporter who recorded the proceedings in this cause; and (3) the date by which the complete reporter's record will be filed.

We **ORDER** the trial court to transmit a record of the proceedings, containing its written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/      DAVID EVANS
         JUSTICE