COURT OF CRIMINAL APPEALS WRIT NO. WR-82,778-01
TARRANT COUNTY, TX. WRIT NO.C-396-010272-1152016-A

EX PARTE                         §
                                 §
                                 §  IN THE COURT OF CRIMINAL APPEALS OF
                                 §  TEXAS, IN AUSTIN, TX.
                                 §
DESMOND LEDET                    §

TIME FILED STAMPED COPIES PROVING THE APPLICANT FILED OBJECTIONS
TO THE STATE'S PROPOSED FINDINGS OF FACT/LEGAL CONCLUSIONS & THE
TRIAL COURT'S ADOPTION OF THOSE SAME SAID FINDINGS AND CONCLU-
SIONS IN THE TRIAL COURT IN A TIMELY MANNER.

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

The Applicant, Desmond Ledet, has attached on the following pa-
ges(p. 3 & 4 of this notice) the first pages of his objection to
the State's proposed findings and legal conclusions, and his ob-
jection to the trial court's adoption of those inaccurate and in-
complete findings. They were filed with the trial court based on
the "Prison mailbox Rule" well in advance of the actual date now
on the time filed stamps. Campbell v. State, 320 S.W. 3d 338, 339
(Tex.Crim.App.2010). The Applicant placed a self addressed sta-
mped envelope in the envelope he filed with each of the documents
now attached and requested the Tarrant County Clerk return to him
a full time filed stamped copy of each document. Unfortunately
the Clerk only sent the Applicant in prison a copy of the first
page of each document. Which is unusual since in the past **the
Clerk had always returned a full copy of each document filed.**
The original objection to the State's proposed findings(filed be-
fore Applicant was made aware the trial court adopted them) was 9
pages and covered a lot. The applicant's mom is going to see the
Clerk to get the full copies.(they will be sent to the court as
soon as the Applicant get's them).

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

proof p.1

The sole purpose of the Applicant sending your Court proof of his objections in the trial Court is so that you may know that the various objections , to the trial court's adopted fact findings and legal conclusions,now being filed straight to your Court have to be made to your Court,because unbeknowest to the Applicant, the trial court had already forwarded the writ, etc. to your Court before the Applicant's objections attached reached the trial Court by mail. **The Applicant did not lay down on his claims and objected in the trial court as soon as he was made aware of the State's proposed findings/legal conclusions, and the trial court's adoption of them since they are not supported by the record or the law of this Court or that of the U.S. Supreme Court.**

Respectfully Submitted,

*Desmond Ledet*

DESMOND LEDET   #01651095
Telford Unit
3899 State Hwy.98
New Boston, TX   75570


**NOTE:** **THE STATE WAS PROPERLY SENT COPIES OF THE ATTACHED OBJECTIONS BACK WHEN THEY WERE FILED WITH THE CLERK IN TARRANT COUNTY, YET THEY NEVER RESPONDED. OF COURSE THE STATE WAS WELL AWARE BEFORE THE APPLICANT THAT THE WRIT HAD ALREADY BEEN FORWARDED TO YOUR COURT.**

*Desmond Ledet*

**SEE NEXT TWO PAGES**(Time filed first pages of objections in trial court).   I do not know if the Tarrant County Clerk forwarded the full objections to your Court since the writ had already been sent to you when these objections were filed).

proof p.2

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 0 2 2015

TIME _____1:46_____
BY_____∂∂TK____ DEPUTY

NO.C-396-010272-1152016-A

EX PARTE

DESMOND LEDET

§
§
§
§
§
§

IN THE 396th JUDICIAL

DISTRICT COURT OF

TARRANT COUNTY,TX

## OBJECTION TO THE TRIAL COURT'S ADOPTION OF THE "STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW."

TO THE HONORABLE JUDGE OF THE ABOVE SAID COURT:

The Applicant, Desmond Ledet, respectfully OBJECTS to the habeas trial Court's adoption of the "STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW." Prison mailroom records will show that the Applicant did not receive a copy of the trial Court's signed ORDER adopting the above said State's proposed findings and conclusions until Jan. 28, 2015. This objection is being placed in the Prison mailbox the next day on Jan.29, 2015.(filed under "Prison Mailbox Rule"). The Applicant OBJECTS on the basis that the trial Court has adopted grossly incorrect and inaccurate findings and legal conclusions that conflict with the record. And has failed to investigate/develop critical facts.

3 days ago on Jan. 26, 2015(without yet knowing the trial Court erroneously adopted the above said findings and conclusions) the Applicant mailed this Court his "PART 1: APPLICANT'S EMERGENCY OBJECTION TO THE "STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW." THAT OBJECTION IS NOW I N C O R P O R- A T E D  B Y  R E F E R E N C E  INTO THIS OBJECTION FOR ALL OF THE OBJECTIONS AND REASONS THE APPLICANT NOW OBJECTS TO THE TRIAL COURT'S ADOPTION  OF THE "STATE'S PROPOSED...FINDINGS..."

Respectfully Submitted,

proof p.3

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 0 2 2015

TIME _____ 1:46 _____
BY _____ ✗ TK _____ DEPUTY

NO.C-396-010272-1152016-A

EX PARTE                          §    IN THE 396th JUDICIAL
                                  §
                                  §    DISTRICT COURT OF
                                  §
                                  §
DESMOND LEDET                     §    TARRANT COUNTY, TX

## PART 1: APPLICANT'S EMERGENCY OBJECTION TO THE "STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW"

**TO THE HONORABLE JUDGE OF THE ABOVE SAID COURT:**

The Applicant, Desmond Ledet, respectfully O B J E C T S to

the State's proposed "...Memorandum, Findings Of Fact And Conclu-

sions of Law." The Applicant filed this objection on on Jan. 26

by placing it in the Prison mailbox at the Telford Unit. Prison

mailroom records will verify that he did not receive a copy of

the "State's Proposed...Findings..." until Jan. 26, 2014. The

Applicant presents the following:

A:  The State erroneously ask this Court to adopt a Finding
    that: "This Court finds Hon. Fortinberry's affidavit cred-
    ible and supported by the record."(Item #45, State's pro-
    posed findings) Fortinberry's affidavit **is under review
    by the State Bar——**; A second Grievance has been filed on
    the fact that he presented multiple false material facts
    in his affidavit violating Tex. Disciplinary R. Prof. Con-
    duct 3.03(a)(1) etc.; The Grievance is detailed in the
    form of a brief, over 100 pages, with multiple attachments
    as exhibits from the reporter's record, the writ record,
    copies of the Application/Memorandum, etc. that PROVE BE-
    YOND ANY DOUBT THAT FORTINBERRY'S AFFIDAVIT IS NOT CREDI-
    BLE; PROVING HIS AFFIDAVIT IS PERJURIOUS. Because Hon.
    Fortinberry also lied in his Affidavit about how many po-
    lice reports were attached to the writ Application and a-
    bout what those reports contain COPIES OF THOSE REPORTS,
    ETC. ARE ALSO FILED ALONG WITH THAT GRIEVANCE.

B:  The Applicant has already filed motions/objections with
    this Court, and copies for the State proving Fortinberry's
    Affidavit is not credible. Respectfully this Court must
    reject the State's proposition and truthfully admit in
    it's findings that **Fortinberry's affidavit is not credible.**
    See Ex parte Reed, 271 S.W. 3d 698, 729(Tex.Crim.App.2008)

C:  The State has mistakenly asserted in it's proposed find-
    ings that the Applicant's Ground #20 is a Prosecutorial
    Misconduct Ground, **WHEN IN FACT IT IS AN INEFFECTIVE AS-**

p. 1 of 9