CASE NOS. PD-1976-14, PD-1677-14 & PD-1678-14

*1676-14    1677-14    1678-14*

ORIGINAL

| IN RE | § | IN THE |
| RORY JONES, | § | COURT OF |
| TDCJ-CID#01914710 | § | CRIMINAL APPEALS |

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 18 2015

Abel Acosta, Clerk

PETITIONER JONES MOTION FOR RECONSIDERATION OF
DISMISSAL OF PDR'S AS BEING UNTIMELY

**TO THE HONORABLE JUDGES OF T6HE COURT OF CRIMINAL APPEALS:**

Comes now, your Petitioner, Rory Jones, proceeding in pro se in the above-styled and numbered

causes and files this, his Motion for Reconsideration of his PDR's being Dismissed as being untimely

filed and in support thereof, would show the Court as follows:

FILED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

**I.**

**Procedural History**

Petitioner was convicted of the felony offenses of aggravated robbery, aggravated assault and

aggravated kidnapping in the 211th Judicial District Court of Denton County in the *State of Texas v. Rory

Jones* in case numbers: F-2014-0079-C, F-2014-0080-C and F-2014-0081-C on February 07, 2014. A

direct appeal was taken by Petitioner to the Second Court of Appeals in *Jones v. State*, Case Nos. 02-14-

00068-CR, 02-14-00069-CR & 02-14-00070-CR, who affirmed the judgment and sentences in an

unpublished opinion dated November 20, 2014. On December 31, 2014, the Court granted Petitioner's

Motion for Extension of Time to file his pro se PDR, giving him up to and including February 20, 2015,

in which to file his pro se PDR in all three cases. Petitioner placed all three of his PDR's in the prison

mail box for the authorities to forward to the Court on February 19, 2015, as demonstrated by the

associated dates written above his signature and certificates of service of his PDR. On March 04, the

Clerk of the Court issued a notice to Petitioner that his three PDR's had been dismissed as being untimely

filed. This proceeding followed. *See* Appendix A.

1

## II.

### Motion for Reconsideration

Petitioner relies upon two procedural rules of law adopted by the Texas Supreme Court to remedy the alleged defi9cient filing. First, Petitioner would direct the attention of the Court to the Texas Rules of Appellate Procedure, Rule 4, infra:

**A.      Rule 4. Time and Notice Provisions**

**4.1. Computing Time**

(a) In General. The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute.

The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.

**9.2. Filing**

(b) Filing by Mail.

(1) Timely Filing. A document received within ten days after the filing deadline is considered timely filed if:

(A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service;

(B) it was placed in an envelope or wrapper properly addressed and stamped; and

2

(C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

Petitioner submits that he signed his three PDR's on February 19, 2015 and placed them in the prison mail for them to forward to the Court's Clerk for filing. For reasons unknown to Petitioner the package mailed was not post-marked before the last day of filing, which would have been February 20, 2015. Thereafter, the clerk of the Court dismissed all three PDR's as being untimely on March 04, 2015. Once an inmate places his pleading(s) in the prison mail box for forwarding to the clerk of a court for filing he has no control on how his pleadings are actually handled and/or forwarded for filing.

**B.     Federal Mail box Rule Extended to State Filings**

In *Campbell v. State*, PD-1081-09, this Court held in relevant part:

We granted appellant's sole ground for review, which he filed pro se: "The court of appeals erred in holding that the mailbox rule filing and received by clerk after deposited within ten days applied to indigent criminal defendants acting pro se." An amended brief has been filed by "Counsel for Appellant." In that brief, appellant asserts that the court of appeals "erred in holding that the ten-day late-filing requirement, incorporated into TEX.R. CIV. P. 5 and TEX.R.APP. P. 9.2, applies to an indigent, incarcerated litigant acting pro se." He asks, "Should pro se, incarcerated litigants be exempted from enforcement of the ten-day filing proviso embedded within TEX.R. CIV. P. 5 and TEX.R.APP. P. 9.2(b)(1)?"

In Texas, the mailbox rule is encompassed by TEX.R.APP. P. 9.2(b) and TEX.R. CIV. P. 5. Rule 9.2(b) provides that, if filed by mail, a document received within ten days after the filing deadline is considered timely filed if: 1) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; 2) it was placed in an envelope or wrapper properly addressed and stamped; and 3) it was deposited in the mail on or before the last day for filing. Rule 5 also provides that additional time to file is permitted, including specific provisions that if any properly addressed and stamped document in an envelope or wrapper sent to the proper clerk by first-class United States mail and deposited in the mail on or before the last day for filing, and received by the clerk not more than ten days after the last day for filing, shall be filed by the clerk and be deemed filed in time.

The Supreme Court also pointed out that, "[u]nlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." Houston v. Lack, 487 U.S. at 271, 108 S.Ct. 2379. The Court also noted that pro se prisoners are forced to entrust their appeals to the vagaries of the mail, while other litigants who use that method can "place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can

3

follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the day the court received it." Id. It also notes that "[p]ro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them."

The Supreme Court recognizes that "[w]orse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Id. "No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped `filed' on time." Id. (Emphasis in original.) "And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received." Id. It also recognizes that "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [the pro se prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." Id. at 271-72, 108 S.Ct. 2379.

Like our sister courts, we decline to penalize a pro se inmate who timely delivers a document to the prison mailbox. We find the analysis of the United States Supreme Court in Houston v. Lack to be compelling. We see no reason for this Court to hold contrarily to both the United States and Texas Supreme Courts. Therefore, we shall apply those considerations to an analogous situation, such as the present case.

We hold that the pleadings of pro se inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. Accordingly, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion. *Id.*

*Campbell v. State*, 320 SW3d 338.

Like the litigant in Campbell, Petitioner has had to rely on prison authorities receiving his pleadings after they are placed into the prison mailbox to forward in a timely manner his pleadings to this Court for its consideration.

4

## CONCLUSION

Accordingly, Petitioner would respectfully request that this Honorable Court extend the mail box rule to his previous filing of his three PDR's, which, as demonstrated in the certificate of service of those pleadings, show he signed and placed his three PDR petitions in the prison mail box on February 19, 2015, the day before the deadline for same to be filed;

## CERTIFICATE OF SERVICE

I, Rory K. Jones, TDCJ-CID#01914710, Petitioner, *pro se*, herein certifies that a true and correct copy of the above and foregoing Petition for Discretionary Review was sent to the Denton County District Attorney, and The State Prosecuting Attorney, by placing same, in the prison mail box, first-class, postage paid, on this the 19th day of February, 2015.

SIGNED on this the 13th day of March 2015.

Respectfully submitted,

Rory K. Jones, Petitioner, Pro se
TDCJ-CID#01914710
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

5

## CERTIFICATE OF SERVICE

I, Rory K. Jones, TDCJ-CID#01914710, Petitioner, *pro se*, herein certifies that a true and correct copy of the above and foregoing Motion for Reconsideration was sent to the Denton County District Attorney, and The State Prosecuting Attorney, by placing same, in the prison mail box, first-class, postage paid, on this the 13th day of March, 2015..

Rory K. Jones, Petitioner, Pro se

# APPENDIX

# A

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

3/4/2015

**JONES, RORY**                    **Tr. Ct. No. F-2014-0079-C**      **COA No. 02-14-00068-CR**
                                                                    **PD-1676-14**

On this day, the Appellant's Pro Se petition for discretionary review has been
dismissed as untimely filed.

Abel Acosta, Clerk

RORY JONES
TDC# 1914710
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX 77349

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS    FILE COPY

P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

3/4/2015

JONES, RORY

Tr. Ct. No. F-2014-0080-C

COA No. 02-14-00069-CR

PD-1677-14

On this day, the Appellant's Pro Se petition for discretionary review has been dismissed as untimely filed.

Abel Acosta, Clerk

RORY JONES
TDC# 1914710
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX  77349

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS   FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

3/4/2015

**JONES, RORY**          **Tr. Ct. No. F-2014-0081-C**          **COA No. 02-14-00070-CR**
                                                                 **PD-1678-14**

On this day, the Appellant's Pro Se petition for discretionary review has been dismissed as untimely filed.

RORY JONES
TDC# 1914710
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX 77349

                                                                 Abel Acosta, Clerk