**566·15**

ORIGINAL

CASE NOS. PD-0566-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

| IN RE | § | IN THE | Abel Acosta, Clerk |
|---|---|---|---|
| INIUBONG EBONG, | § | COURT OF | |
| TDCJ-CID#01908828 | § | CRIMINAL APPEALS | |

FILED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

**PETITIONER EBONG'S MOTION FOR RECONSIDERATION OF
DISMISSAL OF PDR'S AS BEING UNTIMELY**

TO THE HONORABLE JUDGES OF T6HE COURT OF CRIMINAL APPEALS:

Comes now, your Petitioner, Iniubong Ebong, TDCJ-CID#01908828, proceeding in *pro se* in the above-styled and numbered causes and files this, his Motion for Reconsideration of his PDR being Dismissed as being untimely filed and in support thereof, would show the Court as follows:

**I.**

**Procedural History**

On March 04, the Clerk of the Court issued a notice to Petitioner that his PDR had been dismissed. A panel of the Fourteenth Court of Appeals affirmed the judgment and sentence entered by the trial court in an unpublished decision rendered April 09, 2015. (*See Iniubong Ebong v. State*, No. 14-14-00070-CR). Petitioner filed one motion for an extension of time, which was granted by the Court allowing Petitioner up to and including, Friday, July 10, 2015, in which to file his *pro se* PDR. Additionally, as an incarcerated litigant, Petition filed a motion to suspend Rule 9(c), Tex. R. App. P., which the Court granted requiring him to only file one copy of his PDR. Petitioner signed and dated his PDR on July 09, 2015 and placed it in the prison mail box for the prison authorities to send to the clerk of the Court for filing, making it timely filed pursuant to both the State and Federal mail box rules. (*See* PD-0566-15, at 18). On July 22, 2015, the Court dismissed Petitioner's PDR as being "untimely filed." (*See*

1

Appendix A). Petitioner received the notice of dismissal on Tuesday, July 28, 2015. This proceeding followed.

## II.

## Motion for Reconsideration

Petitioner relies upon two procedural rules of law adopted by the Texas Supreme Court to remedy the alleged deficient filing. First, Petitioner would direct the attention of the Court to the Texas Rules of Appellate Procedure, Rule 4, *infra*:

## A.     Rule 4. Time and Notice Provisions

### 4.1. Computing Time

(a) In General. The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.

### 9.2. Filing

(b) Filing by Mail.

(1) Timely Filing. A document received within ten days after the filing deadline is considered timely filed if:

(A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service;

(B) it was placed in an envelope or wrapper properly addressed and stamped; and

(C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

Petitioner submits that he signed his PDR on Friday, July 09, 2015 and placed it into the prison mail box for the prison authorities to forward to the Clerk of this Court for filing. Therefore, Petitioner is unaware of what the actual post marked date was on the envelope containing his petition. Thereafter, the clerk of the Court dismissed Petitioner's PDR as being untimely on July 22, 2015. It is Petitioner's position and understanding that once an inmate places his pleading(s) in the prison mail box for forwarding to the clerk of a court for filing (State or Federal) he has no control on how his pleadings are actually handled and/or forwarded for filing by the prison authorities entrusted and therefore, Petitioner requests that the Court reconsider the timeliness of the filing of his PDR by an incarcerated indigent *pro se* litigant and thereafter reinstate his PDR as being timely under the circumstances and law encompassed in the instant motion.

## B.    Federal Mail Box Rule Extended to State Filings

In *Campbell v. State*, PD-1081-09, this Court held in relevant part:

We granted appellant's sole ground for review, that he filed *pro se*: "The court of appeals erred in holding that the mailbox rule filing and received by clerk after deposited within ten days applied to indigent criminal defendants acting *pro se*." An amended brief has been filed by "Counsel for Appellant." In that brief, appellant asserts that the court of appeals "erred in holding that the ten-day late-filing requirement, incorporated into TEX.R. CIV. P. 5 and TEX.R.APP. P. 9.2, applies to an indigent, incarcerated litigant acting *pro se*." He asks, "Should *pro se*, incarcerated litigants be exempted from enforcement of the ten-day filing proviso embedded within TEX.R. CIV. P. 5 and TEX.R.APP. P. 9.2(b)(1)?"

In Texas, the mailbox rule is encompassed by TEX.R.APP. P. 9.2(b) and TEX.R. CIV. P. 5. Rule 9.2(b) provides that, if filed by mail, a document received within ten days after the filing deadline is considered timely filed if: 1) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; 2) it was placed in an envelope or wrapper properly addressed and stamped; and 3) it was deposited in the mail on or before the last day for filing. Rule 5 also provides that additional time to file is permitted, including specific provisions that if any properly addressed and stamped document in an

3

envelope or wrapper sent to the proper clerk by first-class United States mail and deposited in the mail on or before the last day for filing, and received by the clerk not more than ten days after the last day for filing, shall be filed by the clerk and be deemed filed in time.

The Supreme Court also pointed out that, "[u]nlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." *Houston v. Lack*, 487 U.S. at 271, 108 S.Ct. 2379. The Court also noted that pro se prisoners are forced to entrust their appeals to the vagaries of the mail, while other litigants who use that method can "place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the day the court received it." Id. It also notes that "[p]ro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them."

The Supreme Court recognizes that "[w]orse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* "No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped 'filed' on time." *Id.* (Emphasis in original.) "And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received." *Id.* It also recognizes that "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [the pro se prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Id.* at 271-72, 108 S.Ct. 2379.

Like our sister courts, we decline to penalize a *pro se* inmate who timely delivers a document to the prison mailbox. We find the analysis of the United States Supreme Court in *Houston v. Lack* to be compelling. We see no reason for this Court to hold contrarily to both the United States and Texas Supreme Courts. Therefore, we shall apply those considerations to an analogous situation, such as the present case.

We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. Accordingly, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion. *Id.*

4

*Campbell v. State*, 320 SW3d 338.

Like the litigant in *Campbell*, Petitioner has had to rely on prison authorities receiving his pleadings after they are placed into the prison mailbox to then timely forward them to this Court for its consideration.

## CONCLUSION

Accordingly, Petitioner would respectfully request that this Honorable Court extend the provisions of the State and Federal mail box rule(s) to the previous filing of his PDR, which, as demonstrated in the certificate of service of those pleadings, shows he signed and placed his PDR in the prison mail box on July 09, 2015, the day before the deadline for same to be filed.

## CERTIFICATE OF SERVICE

I, Iniubong Ebong, TDCJ-CID#01908828, Petitioner, *pro se*, herein certifie that a true and correct copy of the above and foregoing Petition for Discretionary Review was sent to the Denton County District Attorney, and The State Prosecuting Attorney, by placing same, in the prison mail box, first-class, postage paid, for the prison authorities to forward on this the 2nd day of August, 2015.

**SIGNED** on this the 2nd day of August 2015.

Respectfully submitted,

Iniubong Ebong, Petitioner, Pro se
TDCJ-CID#01908828
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351-8580

5

## CERTIFICATE OF SERVICE

I, Iniubong Ebong, TDCJ-CID#01908828, Petitioner, *pro se*, herein certifies that a true and correct copy of the above and foregoing Motion for Reconsideration was sent to the Harris County District Attorney, and The State Prosecuting Attorney, by placing same, in the prison mail box, first-class, postage paid, on this the 2nd day of August, 2015.

Iniubong Ebong, Petitioner, **Pro se**

# APPENDIX

## A

7/22/2015

EBONG, INIUBONG                    Tr. Ct. No. 1374974         COA No. 14-14-00070-CR
                                                                            PD-0566-15

On this day, the Appellant's Pro Se petition for discretionary review has been dismissed as untimely filed.

Abel Acosta, Clerk

INIUBONG EBONG
TDC# 1908828
POLUNSKY UNIT
3872 FM 350 S.
HUNTSVILLE, TX 77351-8580

ïibong Ebong, #01908828
lunsky Unit
72FM 350 South
ingston, Texas 77351

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308



USPS® FIRST-CLASS MAIL®

U.S. POSTAGE
$1.42
Date of sale
08/04/15
06    2S00
0833 5959

A5035080500 1423
FCM  LG  ENV
77072
SSK

0 lb. 2.10 oz.

SHIP
TO:

AUSTIN TX 78711

ZIP
(420) 78711