**Order entered August 16, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00950-CR

**UCHECHUKWU DIOGU UKARIWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-76605-Q**

## ORDER

On June 20, 2019, the trial court adjudicated appellant's guilt for terroristic threat and assessed punishment at five years in prison. Appellant's pro se notice of appeal, postmarked July 22, 2019, was filed in the trial court on July 30, 2019 and in this Court on August 12, 2019.

Absent a motion for new trial, a notice of appeal in a criminal case must be filed in the trial court within 30 days after the day sentence is imposed in open court. TEX. R. APP. P. 26.2(a)(1). A document received within ten days after the filing deadline is considered timely filed if (1) it was sent to the proper clerk by United States Postal Service (2) in an envelope properly addressed and stamped and (3) it was deposited in the mail on or before the last day for filing. TEX. R. APP. P. 9.2(b).

Appellant's notice of appeal was due thirty days after the trial court's June 20, 2019 judgment—July 20, 2019. That day, however, was a Saturday; therefore, appellant's notice of appeal was due July 22, 2019. *See* TEX. R. APP. P. 4.1(a). And because appellant mailed his notice of appeal to the trial court in a properly addressed and stamped envelope that was postmarked July 22, 2019, his notice of appeal was timely filed when received on July 30, 2019. *See* TEX. R. APP. P. 9.2(b); s*ee also Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (the "prisoner mailbox rule" provides that a pro se prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court).

We **ORDER** the trial court to conduct a hearing to determine whether appellant is entitled to court-appointed counsel in this appeal. If the trial court finds that appellant is entitled to court-appointed counsel, we **ORDER** the trial court to appoint an attorney to represent appellant in the appeal. If the trial court finds that appellant is not entitled to court-appointed counsel, the trial court shall determine whether appellant will retain counsel to represent him in the appeal and, if so, the name, State Bar number, and contact information for retained counsel.

We **ORDER** the trial court to transmit a record of the hearing, including findings of fact, any orders, and any supporting documentation, to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with the order. The appeal will be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/ LANA MYERS
   JUSTICE