**Opinion filed November 25, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00240-CR

_____

## IN RE JESUS RODOLFO DURAN

**Original Mandamus Proceeding**

## MEMORANDUM OPINION ON MOTION FOR REHEARING

On August 21, 2025, Relator, Jesus Rodolfo Duran, filed a pro se writ of mandamus in this cause. We denied the petition on August 29, 2025, without issuing a written opinion. *See* TEX. R. APP. P. 52.8(d). Duran filed a motion for rehearing, which we denied on September 18. TEX. R. APP. P. 52.9. Duran then mailed a document titled "Notice of (Restricted) Appeal See Rule 26.2(a)(1) T.R.A.P." to the Midland County District Clerk's Office. We construe Duran's notice as a subsequent motion for rehearing and we deny the motion.

As an initial matter, we note that, in accepting Duran's "Notice of (Restricted) Appeal," we are applying the applicable procedural rules most liberally. Because

we overruled Duran's motion for rehearing on September 18, we retained plenary power over our judgment in this proceeding until October 20. *See* TEX. R. APP. P. 19.1(b) ("A court of appeals' plenary power over its judgment expires . . . 30 days after the court overrules all timely filed motions for rehearing."). The Midland County District Clerk's Office filed Duran's notice on October 24 but did not submit the postmarked envelope to us. However, Duran's notice includes a handwritten "Unsworn Declaration" as to the veracity of the contents of the notice, which is dated October 11. Thus, for purposes of this case, we consider October 11 as the date the notice was deemed filed, and we conclude that it was filed while we retained plenary power over this proceeding. *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (describing the "prisoner mailbox rule"); *see also* TEX. R. APP. P. 9.2(b), 19.1(b).

Nevertheless, we deny Duran's motion. In his motion, Duran states that he "object[s] to the interlocutory ruling (mandamus) on the inquiry of a court's duty to disclose an 'entirely' [sic] record to challenge an unduly conviction." He further states, by citing to a footnote from an eviction case decided by the Third Court of Appeals, that "appellate courts are required to . . . review the record and <u>relevant substantive law</u> when determining whether to grant the requested relief." *See In re Strickland*, 703 S.W.3d 841, 843 n.1 (Tex. App.—Austin 2024, orig. proceeding). Thus, it appears that Duran is seeking another rehearing of our denial of his petition, and we construe it as such.[1] With this motion, and from what we can discern, Duran

---

[1] Duran cites to Rule 26.2 of the Texas Rules of Appellate Procedure in his "Notice of (Restricted) Appeal." TEX. R. APP. P. 26.2(a)(1) (providing that a notice of appeal must be filed within thirty days after (1) the day sentence is imposed in open court or (2) the trial court enters an appealable order absent a timely filed motion for new trial). Notably, the rules for restricted appeals apply only to civil cases. *See* TEX. R. APP. P. 26.1(c), 30. To the extent that Duran seeks postconviction relief from his conviction for aggravated sexual assault of a child, the Court of Criminal Appeals has exclusive jurisdiction to grant such relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024); *Duran v. State*, No. 08-01-00512-CR, 2003 WL 195072, at *1 (Tex. App.—El Paso Jan. 30, 2003, no pet.) (not designated for publication).

is challenging our denial of his mandamus petition based on his belief that we have not reviewed the "record" or provided an opinion "disclos[ing]" our reasoning. However, Duran did not provide a mandamus record or supporting documents, nor did his petition comply with Rule 52 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52. We are not required to hand down a written opinion when denying a petition for writ of mandamus. TEX. R. APP. P. 52.8(d). As such, to the extent that Duran attempts to appeal our denial, this is not the proper court in which to seek such relief.

Accordingly, we deny Duran's motion for rehearing.


W. STACY TROTTER
JUSTICE


November 25, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.