

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00416-CR
_____

SHAQUILLE COFER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-402,333; Honorable William R. Eichman II, Presiding

December 6, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea-bargain agreement, Appellant, Shaquille Cofer, was convicted of murder,[1] with an affirmative finding on use of a deadly weapon, and sentenced to twenty years imprisonment. Appellant has filed a *pro se* notice of appeal challenging his

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011).

conviction. We dismiss the purported appeal for want of jurisdiction and because Appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if a motion for new trial is timely filed. *See* TEX. R. APP. P. 26.2(a). This court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant was sentenced on February 12, 2016. Because no motion for new trial was filed, his notice of appeal was due by March 14, 2016.[2] *See* TEX. R. APP. P. 26.2(a); 26.3. Appellant did not file his notice of appeal until November 1, 2017.[3] Accordingly, his untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

Furthermore, the trial court's certification of Appellant's right of appeal indicates this is a plea-bargain case from which Appellant has no right of appeal. We must dismiss an appeal if a certification showing the defendant has the right to appeal has not been made a part of the appellate record. *See* TEX. R. APP. P. 25.2(d).

---

[2] The thirtieth day after February 12, 2016, fell on Sunday, March 13. The notice of appeal deadline was, therefore, extended to Monday, March 14. *See* TEX. R. APP. P. 4.1(a).

[3] *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (prisoner mailbox rule).

By letter dated November 9, 2017, this court notified Appellant of the consequences of the late notice of appeal and the trial court certification and invited him to demonstrate other grounds for continuing the appeal on or before November 27. Appellant has filed a response; however, that response does not establish good cause for continuing this appeal.  Consequently, we have no alternative but to dismiss the appeal for want of jurisdiction and based on the trial court's certification.  *See* TEX. R. APP. P. 42.3(a), 25.2(d).

Per Curiam

Do not publish.