**Dismissed and Opinion Filed May 4, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00408-CR

**KEVIN ROGET HALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F18-76103-J**

## MEMORANDUM OPINION

Before Justices Bridges, Pedersen, III, and Evans
Opinion by Justice Pedersen, III

Kevin Roget Hall was charged with murder with one enhancement paragraph. On November 8, 2019, appellant entered into a plea bargain agreement with the State in which he judicially confessed to murder and the prior felony offense of burglary of a habitation and waived his right to appeal in exchange for the State's recommendation of a twenty-five-year sentence. That same day, the trial court followed the plea agreement, found appellant guilty, and assessed punishment at twenty-five years in prison. The trial court certified that this was a "plea-bargain case, and the defendant has NO right of appeal." Appellant later filed

a notice of appeal which was dated March 23, 2020, postmarked two days later, and received by this Court on March 30, 2020.

A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed or ninety days if a motion for new trial is filed, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a), (b). Under the prisoner mailbox rule, if a pro se inmate timely delivers a document to prison authorities for forwarding to the court clerk, the document is deemed filed when placed with prison officials for mailing. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).

In this case, appellant was found guilty and sentenced on November 8, 2019. Because no motion for new trial was filed, his notice of appeal was due on December 9, 2019. *See* TEX. R. APP. P. 4.1(a), 26.2(a). Appellant's March 23, 2020 notice, post-marked March 25, 2020, is untimely.

Furthermore, the trial court certified appellant's case was a plea bargain case and that he had no right to appeal. A defendant who enters into a plea bargain agreement with the State may appeal only matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Nothing in the record shows appellant filed written pre-trial motions that were ruled on before trial. And the record is clear that the trial court filed a certification stating the

sentence in this case was the result of a plea bargain agreement and appellant has no right to appeal.

Under these circumstances, we have no alternative than to dismiss this appeal. *See Castillo v. Sate*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (in absence of timely filed notice of appeal, court must dismiss appeal for want of jurisdiction.).

/Bill Pedersen, III//

BILL PEDERSEN, III

Do Not Publish
TEX. R. APP. P. 47.2(b)

JUSTICE

200408f.u05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVIN ROGET HALL, Appellant

No. 05-20-00408-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-76103-J.
Opinion delivered by Justice Pedersen, III. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 4th day of May, 2020.