**Appeal Dismissed and Memorandum Opinion filed March 25, 2021.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-19-00088-CR

**KIMBEL VERSHON CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1492023**

## M E M O R A N D U M   O P I N I O N

The record reflects we lack jurisdiction over this appeal because the notice of appeal was not filed timely. *See* Tex. R. App. P. 26.2(a). Appellant was convicted of aggravated robbery with a deadly weapon and sentenced to prison for five years on October 18, 2018. No timely motion for new trial was filed. Accordingly, the notice of appeal was due within 30 days of that date, November 17, 2018. *See* Tex. R. App. P. 26.1(a)(1). Because November 17, 2018, was a Saturday, a notice of appeal filed on or before November 19, 2018, would have

been timely. Appellant's notice of appeal was executed, according to his unsworn declaration under penalty of perjury, on November 18, 2018. Appellant's pro se notice of appeal was not filed until January 23, 2019.

Rule 9 of the Texas Rules of Appellate Procedure states the requirements pertaining to filing of documents by mail, including the defendant's notice of appeal. Tex. R. App. P. 9.; *see also Taylor v. State*, 424 S.W.3d 39, 45-46 (Tex. Crim. App. 2014). Rule 9 provides a document is considered timely filed when it was deposited in the mail on or before the last day for filing. Tex. R. App. P. 9.2(b)(1)(c). When a defendant in custody files a pro se notice of appeal by mailing it on or before the due date, the notice of appeal does not have to be received by the clerk within 10 days of the date when it was due per Rule 9.2(b)1). *See Campbell v. State*, 320 S.W.3d 338, 341-43 (Tex. Crim. App. 2010). Under this adaption of Rule 9.2(b)(1), known as the "prisoner mailbox rule," a pro se notice of appeal from a defendant in custody is deemed timely filed so long as it was delivered to prison officials for mailing on or before its due date, and otherwise complies with Rule 9.2(b). Tex. R. App. P. 9.2(b); *Campbell*, 320 S.W.3d at 342-43. The record before this court does not indicate appellant delivered his notice of appeal to prison officials for mailing on or before the due date of November 19, 2018. *See Campbell*, 320 S.W.3d at 343. Accordingly, appellant's notice of appeal is not deemed timely filed under the prisoner mailbox rule.

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). Appellant's notice of appeal was not filed within 15 days of the deadline.

A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id; see also Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

On December 22, 2020, the parties were notified that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. No response has been received. We dismiss the appeal.

Further, we dismiss the State's pending motions to dismiss the appeal and extend time to file its brief as moot.

PER CURIAM

Panel consists of Justices Jewell, Poissant and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).