

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00286-CR

Elijah Walter **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR1062
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios Justice
              Beth Watkins, Justice

Delivered and Filed: July 20, 2022

DISMISSED

Pursuant to a plea bargain agreement, appellant Elijah Walter Johnson pled nolo contendere to the felony offense of theft under $2,500 enhanced. The trial court found Johnson guilty and in accordance with his plea agreement, sentenced him to eighteen months confinement, and imposed a fine of $1,000. Johnson now seeks to appeal the trial court's judgment of conviction by filing a pro se notice of appeal from a negotiated plea.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The clerk's record shows the trial court

imposed sentence in accordance with the plea bargain agreement on February 28, 2022. The clerk's record also shows Johnson did not file a motion for new trial, making his notice of appeal due by March 30, 2022 or a motion for extension of time due fifteen days later. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Johnson's pro se notice of appeal, however, was not filed until April 27, 2022, and there is nothing in the record indicating he received an extension of time to file his notice of appeal. *See id.* R. 26.3.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal," and we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that Johnson does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Because it appeared the notice of appeal was untimely filed and Johnson did not have the right to appeal, we ordered Johnson to file a response establishing: (1) the notice of appeal was timely filed and (2) an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1. We further ordered Johnson to file a supplemental clerk's record if one was required to show his appeal was timely and he had a right to appeal. Thereafter, the trial court clerk filed a supplemental clerk's record showing he mailed his pro se notice of appeal to the Bexar County District Clerk's Office—Criminal Section on March 28, 2022, which was before the March 30, 2022 due date. Johnson's court-appointed attorney then filed a response recognizing Johnson's pro se notice of appeal was postmarked before

the notice of appeal's due date, but concluding it was untimely under the prisoner mailbox rule because it was not filed within ten days after the due date.

We disagree and conclude the pro se notice of appeal was timely filed under the prisoner mailbox rule. According to the Texas Court of Criminal Appeals, under the prisoner mailbox rule, "a pro se prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court." *Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010). We recognize the prisoner mailbox rule is still subject to the requirements of Texas Rule of Appellate Procedure 9.2, but "[w]hen a defendant in custody files a pro se notice of appeal by mailing it on or before the due date, the notice of appeal does not have to be received by the clerk within 10 days of the date when it was due per Rule 9.2(b)(1)." *Carter v. State*, No. 14-19-00088-CR, 2021 WL 1134797 (Tex. App.— Houston [14th Dist.] Mar. 25, 2021, no pet.) (mem. op.); *see Anderson v. State*, 625 S.W.3d 128, 131 (Tex. Crim. App. 2021). Here, Johnson's pro se notice of appeal is postmarked before the notice of appeal due date, and like the Texas Court of Criminal Appeals, "we decline to penalize a *pro se* inmate who timely delivers a document to the prison mailbox." *Campbell v. State*, 320 S.W.3d at 344. Accordingly, we conclude Johnson's pro se notice of appeal was timely filed under the prisoner mailbox rule.

Nevertheless, there is nothing in the record indicating Johnson has the right to appeal, and Johnson's counsel concedes this cause must be dismissed because this is a plea bargain case with no right to appeal. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish