

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00114-CR

JASON SHANE MOSES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19274

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Jason Shane Moses filed an untimely notice of appeal from the trial court's judgment convicting him of evading arrest or detention with a vehicle. We dismiss the appeal for want of jurisdiction.

Sentence was imposed in this matter on June 15, 2022. While a motion for new trial was filed, that motion was not filed until August 25, 2022, making it untimely. Consequently, Moses's notice of appeal, to be timely, was due on or before July 15, 2022. *See* TEX. R. APP. P. 26.2(a)(1).

Moses's notice of appeal was filed by the Upshur County District Clerk's Office on August 17, 2022, which is well beyond the July 15 deadline. While the Texas Court of Criminal Appeals has clearly articulated that "pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk," *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010), it has also clearly stated that those pleadings are still subject to the requirements of Rule 9.2(b) of the Texas Rules of Appellate Procedure, *id.* at 342; *see* TEX. R. APP. P. 9.2(b).

> Rule 9.2(b) has three requirements: (i) the notice was sent to the proper clerk by United States Postal Service or a commercial delivery service; (ii) the notice was placed in an envelope or wrapper properly addressed and stamped; and (iii) the notice was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

*Anderson v. State*, 625 S.W.3d 128, 131 (Tex. Crim. App. 2021). There is nothing in the record before this Court to indicate when Moses provided his notice of appeal to prison officials for mailing or to indicate that his pleading complied with the other requirements of Rule 9.2(b).

2

Consequently, Moses's appeal of his conviction in this matter was untimely. The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

We notified Moses's appellate counsel that the notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We afforded Moses the opportunity to respond to our letter, through counsel, and to demonstrate how we had jurisdiction over the appeal notwithstanding the noted defect. In response to our letter, Moses's attorney argued that, because Moses "sent his request on July 14, 2022," the fact that his request was not transmitted to the trial court until August 16, 2022, was beyond his control. Yet, there is nothing in the record to indicate that Moses delivered his request to prison officials for mailing on July 14, 2022. Moreover, there is nothing in the record to indicate that Moses complied with the other requirements of Rule 9.2(b). *See* TEX. R. APP. P. 9.2(b).

Because Moses did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:     October 18, 2022
Date Decided:     October 19, 2022

Do Not Publish