

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00409-CR

Debora **DARDEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR11408
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:     Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice

Delivered and Filed: September 18, 2024

DISMISSED

The trial court imposed sentence on Debora Darden on December 11, 2023. Because Darden did not file a timely motion for new trial, the deadline for filing her notice of appeal was January 10, 2024, and the deadline for filing a motion for extension of time to file her notice of appeal was January 25, 2024. *See* TEX. R. APP. P. 26.2(a), 26.3. Darden did not file her notice of appeal until June 3, 2024, which was more than four months late.[1]

---

[1]To determine the filing date, we applied the prisoner mailbox rule which provides "a pro se prisoner is deemed to have filed [her] properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court." *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

A timely notice of appeal is necessary to invoke the jurisdiction of the court of appeals. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke an appellate court's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id*.

Here, Darden's notice of appeal was filed more than four months late. *See id*. Darden's court-appointed counsel has filed a letter in this court acknowledging that Darden's notice of appeal was untimely filed and that this court lacks jurisdiction over the appeal. Accordingly, the appeal is dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH